UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY JON OLIVER,<br><br>Defendant. | INDICTMENT CR 14-145 MJD/JSM<br><br>18 U.S.C. § 1343<br>18 U.S.C. § 981(a)(1)(C)<br>28 U.S.C. § 2461(c) |

THE UNITED STATES GRAND JURY CHARGES THAT:

## INTRODUCTION

1. At all times relevant to this Indictment, defendant Timothy Jon Oliver (hereinafter, the "Defendant") was an individual resident of the State of Minnesota.

2. At all times relevant to this Indictment, American Diversified Industries, LLC ("ADI"), was a Minnesota Limited Liability Company controlled by the Defendant and used, in part, to receive proceeds of the scheme described below.

3. At all times relevant to this Indictment, the Defendant purported to control a company called GVA International Limited ("GVA") in his capacity as "Vice Chairman for North Africa Affairs." GVA purported to be developing a real estate project in Bani Walid, Libya.

4. At all times relevant to this Indictment, Mexican residents C.R. and E.G. conducted business through a Mexican company called ARS Tectonica, which the Defendant fraudulently induced to send ADI $500,000 pursuant to the scheme described below.


SCANNED
MAY 13 2014
U.S. DISTRICT COURT MPLS

5. At all times relevant to this Indictment, the Defendant utilized two individuals, J.S. and G.C., to communicate with victim ARS Tectonica, both to obtain the $500,000 from ARS Tectonica, and then to lull ARS Tectonica into believing that the Defendant had not converted the $500,000 to his own use.

### COUNTS 1-6
### Wire Fraud
### (18 U.S.C. Section 1343)

6. The grand jury realleges and incorporates herein paragraphs 1 through 5 above by reference for the purpose of alleging the wire fraud offenses charged below.

7. From in or about March 2009 through in or about April 2014, in the State and District of Minnesota, the defendant,

**TIMOTHY JON OLIVER,**

engaged in wire fraud by devising and intending to devise a scheme and artifice to defraud ARS Tectonica, and to obtain money and property from ARS Tectonica, by means of materially false and fraudulent pretenses, representations and promises, and concealment of material facts, and knowingly transmitted and caused the transmission in interstate commerce, by means of wire communications, certain signals and sounds, for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

### SCHEME AND ARTIFICE TO DEFRAUD

8. From in or about March 2009 through on or about May 21, 2009, the Defendant represented to C.R. and E.G. that GVA had previously entered into a contract with an arm of the Libyan government called the Organization for Development of

Administrative Centers ("ODAC"), presenting a lucrative opportunity for ARS Tectonica to perform construction services in Libya.

9. Based upon the Defendant's representations, ARS Tectonica entered into a contract with GVA on May 13, 2009, which required ARS Tectonica to send $500,000 to the Defendant to be used to secure a performance bond for the benefit of ODAC. In various written and oral communications, the Defendant specifically represented to ARS Tectonica that he would use the $500,000 for the exclusive purpose of securing, in part, a $2.5 million letter of credit to be issued by Hiway Federal Credit Union ("Hiway"), which would then be presented to ODAC as a performance bond for the Libyan project. The Defendant also represented that the Defendant would pledge, or cause to be pledged, $2 million in additional collateral to Hiway to fully secure the $2.5 million line of credit.

10. The Defendant's representations to C.R. and E.G. regarding the use to which the Defendant intended to put ARS Tectonica's $500,000 were false. The Defendant never intended to use ARS Tectonica's $500,000 to partially secure a letter of credit to be issued by Hiway, and the Defendant never pledged additional collateral to Hiway in any amount to obtain the promised letter of credit.

11. Between May 13, 2009 and May 21, 2009, the Defendant pressured ARS Tectonica to send the $500,000 by representing, falsely, that Hiway was reconsidering its willingness to issue the $2.5 million letter of credit because it had not received the $500,000 from ARS Tectonica.

12. On May 21, 2009, ARS Tectonica wired $500,000 to the Defendant, which the Defendant received through an ADI account he maintained at Hiway. Between May

21, 2009 and June 2010, the defendant lulled C.R. and E.G. into believing that the $500,000 had actually been used to secure a letter of credit for the Libyan project, even though the Defendant, in fact, spent all but $1,000 of the $500,000 within eight weeks of receiving it, and even though Hiway specifically informed the Defendant, in June 2009, that no letter of credit existed.

13. On or about the dates set forth below, in the State and District of Minnesota, and elsewhere, the defendant,

**TIMOTHY JON OLIVER,**

for the purpose of executing the scheme and artifice to defraud described in paragraphs 6 through 12 above, did knowingly transmit and cause to be transmitted in interstate commerce, by means of wire communications, certain signals and sounds, as further described below:

| Count | On or About Date | Description of Wire |
|---|---|---|
| 1 | May 21, 2009 | Interstate Wire of $500,000 from ARS Tectonica to ADI's Bank Account at Hiway |
| 2 | May 28, 2009 | Email from J.S. to C.R. Falsely Stating that the Letter of Credit would be "Signed" and "Activated" as soon as ODAC Approved It |
| 3 | February 20, 2010 | Email from Defendant to ARS Tectonica (forwarded by G.C.) Describing a Plan to have Hiway Cancel the Letter of Credit the Defendant Knew Did Not Exist |
| 4 | April 21, 2010 | Email from Defendant to C.R. Falsely Claiming that the Defendant was "Happy to Start the Process to Terminate" the Letter of Credit the Defendant Knew Did not Exist |
| 5 | May 20, 2010 | Email from Defendant to C.R. Falsely Representing that Hiway Could not Cancel the Letter of Credit without Documents from ODAC |

| 6 | May 27, 2010 | Email from Defendant to C.R. Falsely Stating that the Defendant had Called Hiway to Obtain Letters Confirming that the $500,000 was Still on Deposit but that the Bank Officer Handling the Letter of Credit Had Left for the Memorial Day Weekend |

All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATIONS

Counts 1-6 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

Upon conviction of any of Counts 1-6 of this Indictment, the defendant shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violations of Title 18, United States Code, Section 1343.

If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All in violation of Title 18, United States Code, Sections 981(a)(1)(C) and 1343, and Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____     _____
UNITED STATES ATTORNEY                           FOREPERSON